UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL M. MOFFETT,

        Petitioner,

  v.                                      Case No. 22-cv-705-pp

DYLON RADTKE,

        Respondent.

---

**ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION ON THIS COURT'S FORM, DENYING AS MOOT PETITIONER'S MOTION TO SUPPLEMENT APPENDIX (DKT. NO. 4-1) AND DENYING AS MOOT PETITIONER'S MOTION FOR EXTENSION OF TIME TO PAY FILING FEE (DKT. NO. 5)**

---

On June 17, 2022, the petitioner filed a forty-four-page petition for writ of *habeas corpus* and 140 pages of exhibits. Dkt. Nos. 1, 1-1. The petitioner did not use the court's official *habeas* form. The petition indicates that the petitioner is asking this court for leave to file a second or successive petition under §2244(b)(2) to "review the case based on the merit of actual innocence standard." Dkt. No. 1 at 1.

The petitioner says that in March 2010, he was convicted by a jury of first-degree intentional homicide. Id. at 6. In 2011, the Wisconsin Court of Appeals confirmed the petitioner's conviction and sentence. Id. The petitioner says that in 2013 he filed a postconviction motion, raising issues of "ineffective assistance of counsel, failure to object, subornation of perjury and excessive security measure," and that "[t]he courts denied relief." Id. at 7. The petitioner

1

says he sought review in the Wisconsin Supreme Court and the petition for review was denied. Id.

The petitioner explains that he filed a *habeas corpus* petition in the Eastern District of Wisconsin in May 2015, which the court dismissed as untimely. Id. The petitioner states that he "saught [sic] review in the seventh circuit court, but was denied on February 12th of 2016." Id. The petitioner says that in 2018 he sought the Seventh Circuit's permission to file a second or successive petition based on his belief that the district court had erred in finding his petition to be filed untimely but the Seventh Circuit found that the request did not satisfy the requirements for a second or successive petition under §2244(b)(2). Id. at 8.

The petitioner states that on December 14, 2018, he filed a notice of intent to pursue post-conviction relief back in state court, raising some of the same issues he'd raised in his 2013 motion and some new issues. Id. The petitioner indicates that the circuit court denied the motion. Id. The petitioner references State v. Michael M. Moffett, No. 2019AP1973, and appears to indicate that the court of appeals denied his motion on October 6, 2021 but does not indicate whether he sought review from the Wisconsin Supreme Court. Id.

Civil Local Rule 9(a) of the Eastern District of Wisconsin provides that "[a]ll persons applying or petitioning for release from custody under . . . 28 U.S.C. 2254 . . . must file their . . . petition . . . with the Clerk of Court using the forms available from the court." There is a reason for this rule. The court's

2

form guides a petitioner through providing the information that the court needs to evaluate a request for *habeas* relief and to determine whether the petitioner qualifies for relief. The petitioner did not follow this rule. He did not prepare his petition using the court's form. As a consequence, the court is missing information it needs to screen the petition under the *habeas* rules.

If the petitioner wishes to pursue his *habeas* case, he must file an amended petition using the Eastern District of Wisconsin form. The court is including with this order a blank copy of the form and the guide for completing it. The petitioner must write the word "Amended" on the first page of the form in front of the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody." He must put the case number—22-cv-705—in the space next to the words "Docket No." on the first page. He must identify the location where he is confined, and he must list as the "Respondent" the warden or superintendent or other official who has custody of him. He must fill out all sections of the petition. The court encourages the petitioner to read the instructions carefully, and to state his claims concisely. If the court receives the amended petition by the deadline the court sets below, it will screen it and decide whether the petitioner may proceed. If the court does not receive the amended petition by the deadline the court sets below, the court will dismiss this case on the next business day without further notice or hearing.

The petitioner should be aware that this federal *district* court does not have the authority to give a petitioner permission to file a second or successive

*habeas* petition. Only the Seventh Circuit Court of Appeals has that authority. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

The petitioner also filed a motion to supplement the appendix to his petition, dkt. no. 4-1, in which the petitioner asked the court to include two additional exhibits to the appendix filed along with the petition, dkt. no. 4. The court will deny the motion as moot because it is requiring the petitioner to file an amended petition. The petitioner may include these exhibits as attachments to the amended petition if he so chooses.

Finally, on July 1, 2022, the petitioner filed a motion for extension of time to pay the filing fee. Dkt. No. 5. There is a $5 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). On July 11, 2022, before the court had reviewed the motion, the court received the $5.00 filing fee. The filing of an amended petition does not require a new filing fee. The court will deny the motion as moot.

The court **ORDERS** that if the petitioner wishes to proceed with this case, he must file an amended petition on the form the court is providing with this order. The petitioner must file the amended petition in time for the court to *receive* it by the end of the day on **December 9, 2022**. If the court does not receive the amended petition by the end of the day on December 9, 2022, the

4

court will dismiss the petition on the next business day without further notice or hearing.

The court **DENIES AS MOOT** the petitioner's motion to supplement the appendix. Dkt. No. 4-1.

The court **DENIES AS MOOT** the petitioner's motion for extension of time to pay the filing fee. Dkt. No. 5.

Dated in Milwaukee, Wisconsin this 14th day of November, 2022.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **Chief United States District Judge**